# NO. 12-13-00067-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN GERARD BLACK,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kevin Gerard Black appeals his conviction for felony theft. He raises one issue on appeal. We affirm.

## BACKGROUND

Appellant was charged by indictment for the felony offense of theft.[1] Appellant pleaded guilty to the offense and was placed on deferred adjudication community supervision for a period of five years. The State filed its second application to proceed to final adjudication on January 31, 2013. Appellant pleaded "true" to the four allegations contained in the State's application. The trial court found all four allegations "true," revoked Appellant's community supervision, found Appellant guilty of theft, assessed punishment at eighteen months of confinement without a fine, and ordered the balance of $209.49 in restitution to be paid.

The judgment adjudicating guilt assessed court costs in the amount of $0.00. The judgment included a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $284.00. The trial court pronounced sentence and signed the judgment on February 13, 2013. The judgment was filed on February 14, 2013. A bill of costs was not in the record at this time.

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2012).

<u>**PRESERVATION OF ERROR**</u>

In this appeal, Appellant challenges the withholding order attached to the trial court's judgment. The State contends that Appellant did not preserve error on this issue because he did not challenge the withholding order in a postjudgment motion.

## Opportunity to Object

Generally, a party must first complain in the trial court in order to preserve a complaint for appellate review. TEX. R. APP. P. 33.1; *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013). If error is not preserved at the trial court level, numerous constitutional rights, including those implicating a defendant's due process rights, may be forfeited for purposes of appellate review. *See Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009).

The court of criminal appeals has recently held, however, that the requirement of error preservation "may depend on the party's having an opportunity to comply with the rule." *Landers*, 402 S.W.3d at 254. "An appellant fails to preserve error by failing to object when he had the opportunity; conversely, if an appellant never had the opportunity to object, then he has not forfeited error." *Burt v. State*, 396 S.W.3d 574, 577-78 (Tex. Crim. App. 2013).

## Costs Payable

There is no requirement that a certified bill of costs be filed at the time the trial court signs a judgment of conviction or before a criminal case is appealed. *Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *1 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication). But a cost is not "payable" by the person charged with the cost "until a written bill is "produced or is ready to be produced," containing the items of cost. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). Court costs, as reflected in a certified bill of costs, need not be orally pronounced or incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011). But once a case is appealed, an officer of the court "shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action is . . . appealed." *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006).

The enforcement, i.e. collection, of those costs is permitted by the code of criminal procedure and the government code. *See id.* arts. 103.003, 103.0033 (West Supp. 2012), arts. 103.0031, 103.0032 (West 2006); TEX. GOV'T CODE ANN. § 501.014(e) (2), (4) (West 2012); *see also Armstrong*, 340 S.W.3d at 765; *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009).

2

When an inmate is admitted to the custody of the Texas Department of Criminal Justice, any money on the inmate's person or received with the inmate upon his arrival and during his confinement is credited to an account for that inmate. *See* TEX. GOV'T CODE ANN. § 501.014(a) (West 2012). Once the account is created, the department may spend the money as requested by written order of the inmate or as required by law or policy. *See id.* Upon notification by the trial court that an inmate has incurred a financial obligation enumerated in Section 501.014, subsection (e) of the government code, the department's withdrawal of monies from the inmate's account to pay that obligation is mandatory. *See id.* § 501.014(e) (West 2012). This includes the department's withdrawal of monies from an inmate's account to pay for "all orders for restitution" and "all orders for court fees and costs." *See id.* § 501.014(e)(2), (4) (West 2012).

## Discussion

Here, the trial court's judgment assessed court costs in the amount of $0.00 and restitution in the amount of $209.89. The attached "Order to Withdraw Funds" states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $284.00. The State argues that Appellant was "made aware" that the withholding order was invalid when the trial court signed the judgment containing the withdrawal order and should have filed a postjudgment motion.[2]

We disagree with the State's contention that error was apparent upon the trial court's issuance of the judgment without a certified bill of costs being in the record. The code of criminal procedure does not require that a written bill of costs be filed prior to the entry of a judgment in which court costs are assessed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001; *Johnson*, 2013 WL 3054994, at *1.[3] The costs assessed in the order attached to the trial court's judgment would have nevertheless been "payable" as long as a bill of costs was "ready to be produced." *See* TEX. CODE

---

[2] Although the State insists that a postjudgment motion should have been filed, it fails to identify any rules of criminal or appellate procedure that identify the proper mechanism for bringing the error to the trial court's attention. The State contends that Article 103.008 of the code of criminal procedure permits a defendant to complain of the imposition of court costs prior to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008 (West 2006). Article 103.008 requires a trial court to "correct any error in the costs" upon the filing of a motion by a defendant. *See id.* Because there was no bill of costs in the record, Appellant was unable to identify any errors for the trial court to correct.

[3] The trial court did not orally pronounce the assessment of costs when it adjudicated Appellant's guilt and revoked his community supervision. However, oral pronouncement was not required in order to assess costs against Appellant. *See* **Owen v. State**, 352 S.W.3d 542, 546 (Tex. App.—Amarillo 2011, no pet.) ("Legislatively mandated fees and costs may be withdrawn from an inmate's account without regard to his ability to pay and do not need to be included in the oral pronouncement of sentence or in the written judgment in order to be imposed upon a convicted defendant.").

CRIM. PROC. ANN. art. 103.001.  Therefore, there was a presumption that the order attached to the judgment was supported by a bill of costs that was "ready to be produced."  *See id.*

Appellate counsel specifically requested that "Any Bill of Cost" be included in the appellate record when he filed his designation of record.  When the clerk's record was filed with this court, it did not include a bill of costs.  This omission rebutted the presumption that the order in the trial court's judgment was supported by a bill of costs that was "ready to be produced."  It was not until after the clerk's record was filed with this court that the error became apparent.

The clerk's record was filed nineteen days after Appellant's sentence was imposed in open court.  This left Appellant with eleven days to submit a motion for new trial or motion in arrest of judgment.[4]  Assuming without deciding that a motion for new trial or motion in arrest of judgment would be appropriate, we cannot conclude that Appellant had enough time to submit either motion because he would have had to file the motions within a shorter time frame than allowed by statute.  *See Landers*, 402 S.W.3d at 255 (declining to adopt a rule that would allow judge to de facto alter statutory time frame for motions for new trial even though appellant arguably had enough time to submit such a motion).

A formal bill of exception, however, may have been the appropriate vehicle to challenge the trial court's order and to preserve the error on appeal.  *See* TEX. R. APP. P. 33.2; *see also Landers*, 402 S.W.3d at 256 (Keller, J., concurring) (stating that formal bill of exception may be appropriate vehicle for bill of costs claim).  A formal bill of exception may be filed no more than sixty days after sentence is pronounced or suspended in open court if a motion for new trial is not filed.  *See* TEX. R. APP. P. 33.2(e)(2).  The clerk's record must be filed within the same time period when, as here, a motion for new trial is not filed.  *See id.* 33.2(e)(2)(A), 35.2(a).  Because the clerk's record in this case was filed nineteen days after sentence was pronounced, Appellant had forty-one days to file a formal bill of exception with the trial court (assuming that Appellant had the opportunity to review and find the error on the day the clerk's record was filed with this court).

It is certainly arguable that forty-one days was sufficient time for Appellant to file a formal bill of exception.  But to hold that Appellant forfeited his complaint on appeal for failing to do so would, in effect, allow the trial court clerk to modify the time frame for filing a bill of exception.  *Cf. Landers*, 402 S.W.3d at 255.  We decline to adopt a rule that would shorten the time frame for

---

[4] *See* TEX. R. APP. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes . . . sentence in open court."); *see also* TEX. R. APP. P. 22.3 ("A defendant may file a motion in arrest of judgment before, but no later than 30 days after, the date when the trial court imposes . . . sentence in open court.").

4

filing a formal bill of exception.  *See id.*  Accordingly, we hold that Appellant did not forfeit his complaint on appeal for failing to timely file a formal bill of exception.  *See id.*

### VALIDITY OF WITHHOLDING ORDER AND DUE PROCESS

In his sole issue, Appellant argues that the order attached to the trial court's judgment is invalid and violates his right to due process.  Because the bill of costs was not included in the record, Appellant contends that he has no way to determine, or challenge, whether the costs were correctly assessed.

After Appellant filed his brief, the record was supplemented in this case to include a bill of costs.  Appellant has not been deprived of the opportunity to file a supplemental or reply brief to challenge whether the costs in the withholding order were correctly assessed.  We have received no such brief that identifies any incorrectly assessed costs.

Having compared the bill of costs with the trial court's judgment and withdrawal order, we conclude that Appellant's argument on appeal is now moot.  *See Ballinger v. State*, No. 12-12-00280-CR, 2013 WL 3054935, at *2 n.4 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication).  Accordingly, we overrule Appellant's sole issue on appeal.

### DISPOSITION

Having overruled Appellant's sole issue on appeal, we *affirm* the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 30, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 30, 2013**

**NO. 12-13-00067-CR**

**KEVIN GERARD BLACK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0770-11)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*