

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00058-CR

---

GARRY DWAYNE ALFORD                                      APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1263768D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Garry Dwayne Alford of possession of four grams or more but less than 200 grams of cocaine and assessed his punishment at 55 years' confinement as a habitual offender. The trial court sentenced him accordingly. Appellant brings three points on appeal, complaining that the trial court erroneously denied his motion to suppress his confession, committed jury

---

[1]See Tex. R. App. P. 47.4.

charge error by incorrectly charging the jury on his confession, and awarded him excessive punishment. Because the trial court committed no reversible error, we affirm the trial court's judgment.

**Summary of Facts**

On December 1, 2011, a Fort Worth S.W.A.T. team executed a warrant at the residence of Appellant and his brother, who is mentally handicapped. Police handcuffed both men and then searched the residence and found 4.88 grams of cocaine, a small amount of heroin, and other paraphernalia. After being read his *Miranda* rights, Appellant confessed to being the sole owner of the seized narcotics in a handwritten statement that read, "My brother . . . is NOT involved in any drug involvement at 4212 Wiman Dr.[;] I take full responsibility for all [. . .] at the house. Crack. Heroin. —GA." (Appellant's handwriting of the omitted word is illegible.)

Appellant filed a motion to suppress, and in a *Jackson v. Denno*[2] hearing, he testified that an officer at the scene, Sergeant Kyle Jarrell, had promised that his brother would not be arrested or charged if Appellant confessed to owning the narcotics found at the residence. Sergeant Jarrell testified that he made no promises to Appellant and did not coerce him to confess in any way. The trial court entered findings of fact and conclusions of law, concluding that

---

[2]378 U.S. 368, 84 S. Ct. 1774 (1964).

there were no promises made to [Appellant] by [Sergeant Jarrell]. [Appellant] was competent, and knowingly and intelligently and voluntarily waived his rights as set out on the document and gave the written statement to Detective Jarrell.

The Court finds that that is legally admissible and concludes as a matter of law that the statement obtained by Detective Jarrell, as well as all of the narcotics found in the residence . . . are admissible in trial.

The jury charge at guilt read, "[B]efore a statement given to officers may be considered voluntary, it must be shown by legal evidence beyond a reasonable doubt that prior to making such oral statement . . . the accused has been warned [of his *Miranda* rights]." On January 30, 2013, a Tarrant County jury found Appellant guilty of the offense of possession of a controlled substance, namely cocaine, of four grams of more, but less than 200 grams, including any adulterants or dilutants.

The court's charge at punishment informed the jurors of the habitual offender notice alleging that Appellant had been previously convicted of the felony offense of possession of a controlled substance of one gram or more, but less than four grams, namely cocaine, as well as the felony offense of delivery of a controlled substance of less than twenty-eight grams, namely cocaine. The habitual offender notice states that these convictions were handed down in Tarrant County District Court on November 19, 2004, and June 15, 1992, respectively. The charge instructed the jury to set the punishment of Appellant at "confinement in the Texas Department of Criminal Justice for life, or any term of years not more than ninety-nine (99) or less than twenty-five (25)."

3

Having found both of the allegations in the habitual offender notice true, the jury assessed Appellant's punishment at 55 years' confinement in the Texas Department of Criminal Justice.  At sentencing, the learned and conscientious trial judge announced the jury's conviction and punishment and then asked, as the law requires, "Is there any legal reason . . . why sentence should not be pronounced?"[3]  Appellant's attorney replied, "No."  Appellant filed no motion for new trial.

**Admissibility of Appellant's Written Statement**

In his first point, Appellant argues that the trial court erred by denying his motion to suppress his written statement.  We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.[4]  We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor.[5]

---

[3]*See* Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006).

[4]*Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[5]*Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

Appellant contends that his statement was involuntary because it was induced by an improper promise from the police that they would release his brother if Appellant confessed to being the owner of the narcotics seized. Appellant argues that this promise renders the statement involuntary. But the police officer in question, Sergeant Jarrell, testified that he made no promises. The trial judge believed the police officer. As the Texas Court of Criminal Appeals has explained,

> As is often the case, this argument comes down to a swearing match between appellant and the arresting officers. The trial court, who is the exclusive judge of the credibility of the witnesses and the weight to be given the testimony at the suppression hearing, believed the testimony of the officers.[6]

Other than Appellant's testimony, nothing in the record contradicts the police officer's statement. Applying the appropriate standard of review, we hold that the trial court did not err in admitting Appellant's written statement. We overrule Appellant's first point.

**Jury Instruction**

In his second point, Appellant argues that the trial court erred by erroneously instructing the jury regarding his written statement. "[A]ll alleged jury-charge error must be considered on appellate review regardless of

---

[6] *Nichols v. State*, 754 S.W.2d 185, 191 (Tex. Crim. App. 1988) (citations omitted), *overruled on other grounds by Harris v. State*, 784 S.W.2d 5 (Tex. Crim. App. 1989), and *Green v. State*, 764 S.W.2d 242 (Tex. Crim. App. 1989).

preservation in the trial court."[7]  In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends.[8]  If error occurred, whether it was preserved determines the degree of harm required for reversal.[9]

Appellant correctly points out that, instead of instructing the jury on the contested issue of whether Sergeant Jarrell secured the confession by promising Appellant that charges would not be filed against his brother if Appellant confessed, the trial court instructed the jury on the uncontested issue of whether Sergeant Jarrell advised Appellant of his *Miranda* warnings before taking the statement.

Appellant believes that *Gelinas v. State*[10] controls this issue but argues that it was wrongly decided and creates bad policy.  *Gelinas* is another in a line of recent cases holding that the jury must determine whether to follow the instructions contained in the application paragraph or those contained in the abstract portion of the jury charge.[11]  Unlike the jury charge in *Gelinas*, however,

---

[7]*Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

[8]*Id.*

[9]*Id.*

[10]398 S.W.3d 703 (Tex. Crim. App. 2013).

[11]*Id.* at 708–09; *see also Vasquez v. State*, 389 S.W.3d 361, 371–72 (Tex. Crim. App. 2012); *Crenshaw v. State*, 378 S.W.3d 460, 466–67 (Tex. Crim. App. 2012).

the jury charge in the case now before this court did not misstate the law.

Rather, it omitted Appellant's theory of inadmissibility of his statement. The

Texas Court of Criminal Appeals has unequivocally stated,

> Under Texas statutory law, there are three types of instructions that relate to the taking of confessions: (1) a "general" Article 38.22, § 6 voluntariness instruction; (2) a "general" Article 38.22, § 7 warnings instruction (involving warnings given under § 2 and § 3); and (3) a "specific" Article 38.23(a) exclusionary-rule instruction. In essence, the Section 6 "general" instruction asks the jury: "Do you believe, beyond a reasonable doubt, that the defendant's statement was voluntarily made? If it was not, do not consider the defendant's confession." The Section 7 instruction sets out the requirements of 38.22, § 2 or § 3 and asks the jury to decide whether all of those requirements were met. The Article 38.23(a) "specific" instruction is fact-based: For example, "Do you believe that Officer Obie held a gun to the defendant's head to extract his statement? If so, do not consider the defendant's confession."
>
> As we noted in *Vasquez v. State*, confusion exists about which, if any, jury instruction is appropriate because our case law "does not always distinguish, and sometimes blurs, the requirements for getting an instruction under article 38.22 and for getting an instruction under the exclusionary rule of article 38.23."
>
> We again try to clarify the distinction: Due process and *Miranda* claims may warrant both "general" and "specific" voluntariness instructions; Texas statutory claims warrant only a "general" voluntariness instruction. It is the defendant's responsibility to delineate which type of "involuntariness" he is claiming—a general (perhaps subjective) lack of voluntariness or a specific police-coerced lack of voluntariness—because the jury instruction is very different depending upon the type of claim.[12]

The parties here litigated the admissibility of Appellant's statement in the

*Jackson v. Denno* hearing. That omitted instruction therefore became "law of the

---

[12]*Oursbourn v. State*, 259 S.W.3d 159, 173–74 (Tex. Crim. App. 2008) (footnotes omitted).

case."[13]  Accordingly, the trial court erred by failing to submit the contested issue to the jury.

Having determined that the trial court erred by failing to instruct the jury on the appropriate issue concerning voluntariness of Appellant's written statement, we must now turn to the question of harm.  Appellant neither requested the proper jury instruction nor objected to its omission.  Unpreserved charge error warrants reversal only when the error resulted in egregious harm.[14]  The appropriate inquiry for egregious harm is a fact-specific one that must be performed on a case-by-case basis.[15]

In making an egregious harm determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."[16]

---

[13]*See id.* at 180–81.

[14]*Hollander v. State*, 414 S.W.3d 746, 749 (Tex. Crim. App. 2013); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003) (stating that the harmless error rule of article 36.19 applies to article 38.23).

[15]*Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).

[16]*Almanza*, 686 S.W.2d at 171; *see generally Gelinas*, 398 S.W.3d at 708–10 (applying *Almanza*).

The jury charge as given provided,

You are instructed that under our law a statement of a defendant made while he was under interrogation shall be admissible in evidence if it appears that the same was freely and voluntarily made without compulsion or persuasion. However, before a statement given to officers may be considered voluntary, it must be shown by legal evidence beyond a reasonable doubt that prior to making such oral statement . . . the accused has been warned by the person to whom the statement is made, or by a magistrate, that (1) he has the right to remain silent and not make any statement and that any statement he makes may be used against him at his trial, (2) that any statement he makes may be used against him in court, (3) that he has the right to have a lawyer present to advise him prior to and during any questioning, (4) that if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning, (5) that he has the right to terminate the interview at any time, and that the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out above.

So, in this case, if you find from the evidence, or if you have a reasonable doubt thereof, that prior to the time the defendant gave the alleged statement to Kyle Jarrell, if he did give it, the said Kyle Jarrell did not warn defendant in the respects enumerated above, or as to any one of such requirements, then you will wholly disregard the alleged confession or statement and not consider it for any purpose nor any evidence obtained as a result thereof. If, however, you find beyond a reasonable doubt that the aforementioned warning was given the defendant prior to his having made such statement, if he did make it, still, before you may consider such statement as evidence in this case, you must find from the evidence beyond a reasonable doubt that prior to making such statement, if he did, the defendant knowingly, intelligently and voluntarily waived the rights hereinbefore set out in the said warning, and unless you so find, or if you have a reasonable doubt thereof, you will not consider the statement, if any, for any purpose whatsoever or any evidence obtained as a result of the statement, if any.

The issue of the seriousness of this error is a very close call. On the one hand, the jury was instructed that it could consider the statement as evidence

9

only if the jury found that the statement was made freely and voluntarily, without compulsion or persuasion. Were our inquiry to end there, the question of harm would be easily settled. The instruction on the *Miranda* warnings, however, appears to have instructed the jury to consider the statement if they found that Officer Jarrell gave Appellant the appropriate warnings before he made the statement, provided that they also found that Appellant knowingly, intelligently, and voluntarily waived those rights before and during making the statement.

Not only did Appellant not request the omitted instruction, he specifically stated that he had no objection to the jury charge before it was read to the jury. Additionally, considering the record as a whole, Appellant's statement primarily exculpated his brother. The drugs were found in the home that Appellant shared with his brother. Nothing suggests that Appellant did not have equal care, custody, and control of possessions in the house, including the drugs. Drugs were found in the kitchen. Small, clear baggies were found in the living room in a shoebox that also contained Appellant's mail. Scales were found in a bedroom. There was no suggestion that any other person lived in the house who could have been the owner of the drugs to the exclusion of Appellant.

Because the charge instructed the jury that they must first find that Appellant made his statement freely and voluntarily and not as the result of any compulsion or persuasion before considering it and because of the facts in this case, we are compelled to hold that the error in the jury charge did not cause

10

Appellant to suffer egregious harm. Accordingly, we overrule Appellant's second point.

**Cruel and Unusual Punishment**

Appellant argues in his third point that his sentence constitutes cruel and unusual punishment as prohibited by the Eighth Amendment to the Constitution of the United States because his sentence is disproportionate to the offense committed.

The requirement that a defendant object to what he argues is an unconstitutional sentence presumes the opportunity to object. Here, Appellant had that opportunity. After announcing the sentence, the learned and conscientious trial judge asked Appellant whether there was any lawful reason that sentence should not be pronounced.[17] Appellant stated there was none. Appellant also did not raise the issue in a motion for new trial. Appellant therefore has not preserved this issue for appellate review.[18] He also has provided no evidence of what he would argue were appropriate sentences in comparable cases. We therefore overrule Appellant's third point.

---

[17]*See* Tex. Code Crim. Proc. Ann. art. 42.07.

[18]*See* Tex. R. App. P. 33.1(a); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).

**Conclusion**

Having overruled Appellant's three points on appeal, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 10, 2014