

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1637-12

### TRISTAN LANDERS A/K/A TRISTAN MCNIEL, Appellant

### V.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS MCLENNAN COUNTY

*Womack, J., delivered the opinion of the Court, in which Meyers, Price, Johnson, Keasler, Hervey, Cochran, and Alcala, JJ., joined. Keller, PJ., filed a concurring opinion.*

The issue in this case is whether the appellant may complain for the first time on appeal about the trial court's imposition, sua sponte and after proceedings had adjourned, of costs for the appointed prosecutor pro tem and its investigator. Because the appellant did not have the opportunity to object, we hold that she may make the complaint on appeal. We shall reverse the holding of the Court of Appeals and remand for further proceedings.

The appellant was indicted for tampering with a witness.[1] The elected district attorney recused himself and his office from her case because he had previously represented the appellant "adversely to the State of Texas." An attorney pro tem was appointed to prosecute the appellant.

The appellant was convicted and sentenced in open court to two years' imprisonment and a $10,000 fine. At sentencing, the judge made no mention of imposing court costs. The written judgment (which was otherwise typed) included $4,562.50 in costs that were handwritten. The record does not indicate whether the handwriting was added before or after the appellant signed the judgment. There was no itemization or explanation of the costs.

The clerk's record includes a "Bill of Costs" that was issued six days after judgment was imposed. This bill itemized the court costs and included fees of $3,718.50 for the attorney pro tem and $440.00 for investigative costs of the prosecutor. This document was not provided to the appellant or her counsel.[2]

When the appellant complained on appeal about the imposition of these fees, the Court of Appeals held she had not preserved the issue for appeal because she had not made a "timely request, objection, or motion" in the trial court.[3] We granted review to determine if an objection was required to preserve error concerning the imposition of the costs of the special prosecutor's fees.

The general rule is that a party must first complain in the trial court in order to preserve a

---

[1] *See* TEX. PENAL CODE § 36.05.

[2] The State does not contest that the appellant had no knowledge of the attorney pro-tem and investigative fees at the time the sentence was imposed.

[3] *Landers v. State,* No. 10-11-00408-CR, 2012 Tex. App. LEXIS 7475 (Tex. App. – Waco August 30, 2012) (mem. op.).

complaint for appellate review.[4] This rule protects important policy interests.[5]

But its operation may depend on the party's having an opportunity to comply with the rule. In *Burt v. State,* we recently reaffirmed that:

> The requirement that an objection be raised in the trial court assumes that the appellant had the opportunity to raise it there. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (appellant did not allege that he did not have an opportunity to object when sentence was pronounced and so failed to preserve error); *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (permitting appellant to raise his objection for the first time in a motion for new trial since "appellant had no opportunity to object to the trial court's action until after that action was taken."). Thus, when an appellate court finds that error has not been preserved, it will often recite the times at which the appellant had the opportunity to object, but failed to do so. *See, e.g., Idowu v. State*, 73 S.W.3d at 920 ("Neither appellant nor his counsel objected at the punishment hearing...."); *see also Burt v. State*, 2011 Tex. App. LEXIS 5868, 2011 WL 3211249, at *10. An appellant fails to preserve error by failing to object when he had the opportunity; conversely, if an appellant never had the opportunity to object, then he has not forfeited error. *See Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003) (appellant did not forfeit his objection since "the [trial] court modified the terms of Rickels's probation without a hearing, and Rickels had no opportunity to object."); *Cobb v. State*, 95 S.W.3d 664, 666 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (appellant did not forfeit challenge to language in written judgment "because the judgment was not prepared until after the end of the hearing, [therefore] appellant could not have complained at the hearing about any alleged defect in the judgment.").[6]

In this case, the Court of Appeals held that the appellant should have objected in the trial court, but it did not mention whether she had an opportunity to do so. The court sentenced the appellant on October 20, 2011. The sentence was for two years in jail, a $10,000 fine, and court

---

[4] TEX. RULE APP. PROC. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion ...."); TEX. R. EVID. 103. *See also Gillenwaters v. State,* 205 S.W.3d 534, 537 (Tex. Cr. App. 2006) (discussing Rule 33.1).

[5] *See Martinez v. State,* 91 S.W.3d 331, 336 (Tex. Cr. App. 2002); *see also* George E. Dix & John M. Schmolesky, 43A *Texas Practice –– Criminal Practice and Procedure* § 53.3 (3d ed. 2011).

[6] *Burt v. State*, 396 S.W.3d 574, (Tex. Cr. App. 2013).

costs of $4,562.50. There was no indication of what the court costs were for. On October 26, a Bill of Costs was generated in the clerk's file. This showed that $3,718.50 of the costs assessed were for the court-appointed attorney (the prosecutor pro tem was the only court-appointed attorney in this case) and that $440 of the fees were for the court-appointed investigator. No notice of this document was given to the appellant or her attorney and no further proceedings were held. Consequently, the appellant was not given an opportunity to object to the imposition of these costs. Since she was not given the opportunity, the absence of an objection is not fatal to her appeal.

The State makes two arguments, the first of which is that the appellant should have raised the issue in a motion for new trial. Even if the appellant *could* have raised the issue in such a motion (an issue we need not decide today), she was not required to. A motion for new trial is required to preserve error only when it is necessary to adduce facts not in the record.[7] In this case, the appellant's complaint was one of law and not facts. Consequently, she was not required to file such a motion in order to preserve this complaint.

Further, we decline to create such a requirement. In this case, the Bill of Costs was filed six days after the appellant's sentence was imposed in open court. This left the appellant with 24 days to retrieve the document from the clerk's office (though there was no notice it had been created) and submit an objection, motion,[8] or other request for relief. Arguably, in this case, the appellant had enough time to submit such a motion. However, we decline to adopt a rule that

---

[7] TEX. R. APP. P. 21.2.

[8] TEX. R. APP. P. 21.4(a) (The defendant must file a motion for new trial "no later than thirty days after the date when the trial court imposes or suspends sentence in open court").

would allow a judge to de facto alter the statutory time frame for motions for new trial.

The State and the Court of Appeals relied on *Mendez v. State*[9] for the proposition that the appellant waived error. In *Mendez* we held that Texas Rule of Appellate Procedure 33.1 (requiring an objection in the trial court) applies to all complaints except those that involve rules that are "waivable only" or "systematic" (or "absolute") requirements.[10] The State and the Court of Appeals argue that since this error does not fit in either of those categories, a timely objection in the trial court was required. However, *Mendez* is distinguishable because it took place within the context of an active trial, during which an appellant would be given an opportunity to object. It is not on point and does not control in this instance.

We hold that the appellant may not be faulted for failing to object when she was not given the opportunity. Since the fees were not imposed in open court and she was not required to file a motion for new trial, she has not forfeited the complaint on appeal.

The judgment of the Court of Appeals is reversed, and the case is remanded to that Court for analysis consistent with this opinion.

Delivered: July 3, 2013.

Publish.

---

[9] 138 S.W.3d 334 (Tex. Cr. App. 2004).

[10] *Id.,* at 342; *see also Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Cr. App. 2002).