

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00408-CR

**TRISTAN LANDERS AKA TRISTAN MCNIEL,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2010-1101-C2**

## MEMORANDUM OPINION

Tristan Landers a/k/a Tristan McNiel appeals from her conviction for the offense of tampering with a witness. TEX. PEN. CODE ANN. § 36.05(a)(1). On original submission, this Court affirmed the judgment of the trial court. *Landers v. State*, No. 10-11-00408-CR, 2012 Tex. App. LEXIS 7475 (Tex. App.—Waco Aug. 30, 2012) ("*Landers I*"). The Court of Criminal Appeals reversed our decision in part on the only ground before it and determined that the preservation requirement of rule 33.1(a) of the rules of appellate procedure did not apply to the imposition of the fees of the attorney pro tem

and State's investigator. *Landers v. State*, No. PD-1637-12, 2013 Tex. Crim. App. LEXIS 985 (Tex. Crim. App. July 3, 2013) ("*Landers II*"). That Court remanded this proceeding to this Court to determine whether the trial court erred by assessing the fees of the attorney pro tem and the State's investigator. Because we find that the trial court erred, we modify the judgment of the trial court to delete the assessment of these fees. The scope of this opinion is limited to the issue remanded from the Court of Criminal Appeals. Because we resolved Landers's other issue in our prior opinion, we will not address it here. *See, generally, Landers I*, 2012 Tex. App. LEXIS 7475.

*Imposition of Special Prosecutor and Investigator Fees as Court Costs*

Landers complains that the trial court erred by assessing the costs of the special prosecutor and investigator appointed to prosecute her case as court costs against her because it lacked the statutory authority to do so. The State argues that Landers has failed to preserve her complaint because she did not file a formal bill of exception or comply with the procedure set forth in section 103.008 of the code of criminal procedure. *See* TEX. R. APP. P. 33.2; TEX. CODE CRIM. PROC. ANN. art. 103.008 (West 2006). In its brief on remand, the State does not argue or address whether or not the fees could properly have been assessed.

A formal bill of exception is required to complain on appeal "about a matter that would not otherwise appear in the record." TEX. R. APP. P. 33.2. However, we agree with Judge Keller's concurrence in *Landers II* that the error presented before us is not "a

matter that would not otherwise appear in the record." *See Landers II*, 2013 Tex. Crim. App. LEXIS 985 at *10.

Further, we do not find that Landers's purported failure to comply with the procedure set forth in article 103.008 is applicable to the issue as set before us. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008 (setting forth procedure to correct assessed court costs). We do not believe that article 103.008 is the only vehicle to challenge whether or not the cost assessed is statutorily authorized or that the time limit of one year "after the date of the final disposition of a case in which costs were imposed" has expired. *Id*. We find that the issue of whether or not the cost of the attorney pro tem and the State's investigator is properly before us.

We further agree with Judge Keller's concurrence that "[t]he fee at issue in this case—reimbursement for the cost of a prosecutor pro tem—is an item that is simply not authorized by statute. There is nothing that can be proffered to show that the fee is allowed." *Landers II*, 2013 Tex. Crim. App. LEXIS 985 at *10. Likewise, there is no statutory authorization to assess the State's investigator's fee. We find that the trial court erred in assessing the fee of the attorney pro tem and the State's investigator against Landers. *See Busby v. State*, 984 S.W.2d 627, 630 (Tex. Crim. App. 1998). We sustain Landers's issue.

*Conclusion*

Having found that the trial court erred in assessing the costs of the attorney pro tem and the State's investigator, we modify the judgment to delete the assessment of those costs in the amount of $4,158.50, leaving a balance of $404.00 as court costs. We otherwise affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Justice Davis concurs without a separate opinion)
Modified, and affirmed as modified
Opinion delivered and filed August 29, 2013
Do not publish
[CR25]