

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00534-CR

The **STATE** of Texas,
Appellant

v.

Amanda **RODRIGUEZ**,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR9250
The Honorable Angus McGinty, Judge Presiding

Opinion by:　Sandee Bryan Marion, Justice

Sitting:　　Sandee Bryan Marion, Justice
　　　　　　Rebeca C. Martinez, Justice
　　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed:　January 22, 2014

AFFIRMED

The State appeals the trial court's order granting a new trial. Because the State failed to preserve error, we affirm.

### BACKGROUND

Appellee, Amanda Rodriguez, pled no contest to aggravated sexual assault of a child. Pursuant to a plea bargain, the trial court sentenced her to a prison term of ten years. She timely filed a motion to withdraw plea and motion for new trial alleging her plea was involuntary due to ineffective assistance of counsel. In support of this motion, appellee attached her sworn affidavit

in which she stated her trial counsel failed to perform an independent investigation and familiarize himself with the facts and law. As a result, her plea was involuntary because she was unaware of favorable evidence and a potential defense. Appellee also attached an affidavit from Dr. Joann Murphey, a psychologist who specializes in child sexual abuse. Dr. Murphey's affidavit stated she had concerns about the credibility of the complainant's allegations based on her review of case records and the complainant's recorded interview. Dr. Murphey also testified at the hearing on the motion to withdraw plea and motion for new trial. The trial court granted the motion, and the State filed this appeal.

The State argues the trial court abused its discretion by granting the motion because (1) appellee's affidavit was not in evidence and the trial court could not have relied on it to conclude appellee's plea was involuntary, and (2) Dr. Murphey's testimony would be inadmissible at trial. Appellee counters that the State failed to complain in the trial court and has waived its complaints on appeal.

## DISCUSSION

The general rule is that a party must first complain in the trial court to preserve a complaint for appellate review. TEX. R. APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ."). Procedural default notions apply equally to the defendant and the State. *See State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998) ("[I]n cases in which the State is the party appealing, the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived applies equally to the State and the defense."). However, an exception to the general rule applies in cases where a party did not have an opportunity to raise its complaint in the trial court. *See Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013).

Here, after the trial court imposed sentence, appellee timely filed a motion to withdraw plea and motion for new trial. In support of her motion, appellee attached several exhibits, including her affidavit and Dr. Murphey's affidavit. The State filed its response the same day the trial court held a hearing on the motion. Although the State's response referenced several of appellee's exhibits, the State did not object to the trial court's consideration of either affidavit. During the hearing, the trial court heard the testimony of Dr. Murphey, and the State did not object. During closing argument, the parties argued the content of the affidavits as well as other exhibits attached to appellee's motion. Once again, the State did not object. Thus, the State had several opportunities to raise its complaints to the trial court, but did not do so. Accordingly, we conclude the State failed to preserve error and has waived its complaints on appeal. We affirm the trial court's order granting appellee's motion for new trial and motion to withdraw plea.

Sandee Bryan Marion, Justice

Do not publish