

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00452-CR

TERENCE DANTA LAVINE                                            APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Terence Danta Lavine of misdemeanor assault-family violence involving his girlfriend and assessed his punishment at 365 days' confinement. In his two issues, Lavine complains that the trial court abused its discretion by allowing the State to introduce State's Exhibits 12, 13, and 14 and by allowing a probation officer to testify that Lavine was not a suitable candidate for probation when no evidence was introduced regarding the officer's training,

------------

[1]See Tex. R. App. P. 47.4.

qualifications, or experience to give an expert opinion. The State responds that Lavine has failed to preserve both of these complaints.

During the guilt-innocence phase of trial, Lewisville Police Officer Michael Owen testified that he spoke with Lavine at the couple's apartment and that the police took photographs of the complainant, the apartment, and Lavine. The State offered these photographs—State's Exhibits 2 through 23—into evidence after Officer Owen gave brief descriptions of them. Lavine then objected to the admission of State's Exhibits 12 through 14, which Officer Owen had described as photographs of a broken clock that the police had found in the kitchen, and the trial court overruled the objection and admitted all of the photographs. Lavine did not renew his objection when Officer Owen subsequently restated to the jury that State's Exhibits 12 through 14 were photographs of "the broken clock in the kitchen."

During the punishment phase, Randolph Flennoy, a senior probation officer, testified that in August 2011, Lavine was placed on deferred adjudication community supervision for an assault-bodily-injury-of-a-family-member offense involving a different complainant. Flennoy explained that Lavine had violated some of the conditions of his community supervision for that offense, and the following dialogue occurred:

> Q. As someone who supervised the defendant previously while on probation, would you recommend him to this jury as a suitable candidate for probation?

[Lavine's counsel]: Excuse me. Your Honor, at this time, I'm going to object to him giving an opinion as a probation officer as to the outcome of this case. That—that violates the purview of the jury. They get to make that decision, not recommendations from the probation department.

THE COURT: I'll overrule the objection.

Flennoy then stated that he would not recommend Lavine as a candidate for probation.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, a party must continue to object each time the objectionable evidence is offered to preserve the error. *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *Clay v. State*, 361 S.W.3d 762, 766 (Tex. App.—Fort Worth 2012, no pet.). And the complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular

3

complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial.").

Lavine did not object to Officer Owen's testimony about the broken clock either before or after the photographs were admitted. *See* Tex. R. App. P. 33.1(a); *Geuder*, 115 S.W.3d at 13; *see also Ford v. State*, 919 S.W.2d 107, 117 (Tex. Crim. App. 1996) ("An objection to photographic evidence is waived if the same information contained in the photographs is conveyed to the jury in some other form."). And Lavine did not object to Flennoy's testimony on the basis of his qualifications to give an opinion with regard to training or experience; instead, he objected that Flennoy's testimony violated the jury's purview. *Cf. Ellison v. State*, 201 S.W.3d 714, 722–23 (Tex. Crim. App. 2006) (stating that a probation officer may give an opinion on a defendant's suitability for probation). Lavine has therefore failed to preserve either of these complaints for our review, and we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 30, 2014