

IN THE
TENTH COURT OF APPEALS

No. 10-12-00041-CR

MANUEL GARCIA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 40th District Court
Ellis County, Texas
Trial Court No. 35,813CR

MEMORANDUM OPINION

In two issues, appellant, Manuel Lerma Garcia, challenges the punishment assessed for his conviction for unlawful possession of a controlled substance in an amount less than one gram, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). We affirm.

## I.   BACKGROUND

On March 19, 2011, Kristie Brewer of the Ellis County Sheriff's Office received a 9-1-1 call referencing a gold-colored truck parked outside the caller's residence. The

caller stated that she believed that the driver of the truck was "doing drugs inside the vehicle." Brewer dispatched officers to investigate the scene. Captain Brad Norman and Deputy David Gardner of the Ellis County Sheriff's Office responded to the scene. Upon arrival, Captain Norman and Deputy Gardner observed a "brownish-gold" colored Dodge truck parked off the roadway in front of 650 FM 983. The officers also noticed that appellant was the only occupant of the truck. Captain Norman testified that appellant appeared to be either asleep or passed out. To get appellant's attention, Captain Norman tapped on the driver's side window with his hand and then his flashlight. Eventually, appellant awoke.

Officers used their flashlights to visually search the inside of the truck. Captain Norman noticed that both of appellant's "hands were clenched shut down on top of the seat beside his legs." For safety reasons, appellant was ordered to show his hands. Appellant did not initially comply with the officers' requests. However, appellant later decided to open the door of the truck. In doing so, appellant opened his right hand, and Captain Norman saw "something fall onto the seat." This object was initially identified as a "small off-white colored rocklike substance," which Captain Norman believed to be crack cocaine. Drew Fout, a forensic scientist with the Texas Department of Public Safety, testified that the substance amounted to 0.05 grams of cocaine. Appellant was subsequently arrested. Pursuant to an inventory search, officers also found a crack pipe inside the truck.[1]

---

[1] The State also introduced recordings of telephone calls that appellant made to his wife and mother from jail. In these calls, appellant admitted that he had the cocaine. In addition, though he

At the conclusion of the guilt-innocence phase, the jury found appellant guilty of the charged offense. During the punishment phase, the State introduced evidence of appellant's prior convictions for unauthorized use of a motor vehicle, taking a weapon away from a peace officer, assault, failure to identify as a fugitive from justice, evading arrest, and driving with a suspended license. Ultimately, the jury assessed punishment at 500 days' confinement in a state jail. This appeal followed.

## II.   ANALYSIS

On appeal, appellant contends that his punishment is disproportionate to the crime committed and that it violates the Eighth Amendment to the United States Constitution and article I, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art. 1, § 13.

A disproportionate-sentence claim must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."). To preserve a complaint for review, a

---

initially denied possessing cocaine at trial, appellant acknowledged on cross-examination that he did, in fact, possess cocaine on the night in question.

party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).

At the sentencing hearing, appellant did not assert his disproportionate-sentence claim. Moreover, appellant did not file a motion for new trial or otherwise present his objection to the imposed sentence. As such, appellant has forfeited this complaint. *See* TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see also Noland*, 264 S.W.3d at 151-52.

And even if appellant had preserved this complaint, it lacks merit. Appellant's 500-day sentence falls within the statutory range for his offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (providing that unlawful possession of a controlled substance in an amount less than one gram is a state-jail felony); *see also* TEX. PENAL CODE ANN. § 12.35(a) (West 2011) (stating that the punishment range for a state-jail felony is "confinement in a state jail for any term of not more than two years or less than 180 days"). The trial court's discretion to impose any punishment within the prescribed range is essentially "unfettered." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Punishment imposed within the statutory range is generally not

subject to challenge for excessiveness. *See Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) ("Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment."). Further, nothing in the record shows that appellant's punishment, in light of his criminal history and the facts surrounding the charged offense, was grossly disproportionate to the crime so as to violate the Eighth Amendment of United States Constitution or article 1, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; TEX. CONST. art. 1, § 13; *Solem v. Helm*, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 315-17 (5th Cir. 1992) (setting forth the analysis for proportionality of punishment); *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd). Based on the foregoing, we overrule appellant's issues on appeal.

## III.   CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 10, 2014
Do not publish
[CR25]