

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 02-13-00123-CR**
**NO. 02-13-00124-CR**
**NO. 02-13-00125-CR**

LUKE H. DRIGGERS III A/K/A LUKE DRIGGERS                 APPELLANT

V.

THE STATE OF TEXAS                                       STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The trial court convicted Appellant Luke H. Driggers III a/k/a Luke Driggers of two counts of aggravated robbery by threat of an elderly or disabled person and one count of burglary of a habitation, each alleged in a separate cause, on his open plea of guilty to the court.    Appellant requested and received a

---

[1]*See* Tex. R. App. P. 47.4.

presence investigation. The trial judge held a full punishment hearing, and the learned, conscientious trial judge complied with the legislative mandate by announcing the sentence he intended to impose in each case and inquiring whether there was any legal reason sentence should not be pronounced.[2] Appellant responded that there was none.

On appeal, Appellant argues in his sole issue in each of these three cases that the trial court abused its discretion and sentenced him to cruel and unusual punishment by sentencing him to fourteen years on the aggravated robbery convictions and ten years on the burglary conviction because Appellant is forty-eight years old and will be sixty-three years old when the fourteen-year sentence is discharged. Appellant concedes that he failed to preserve this issue for appeal and asks this court to consider the issue in the interest of justice. He argues that his request is analogous to asking us to consider unassigned error in the interest of justice.

Appellant was given the opportunity to raise this issue and to present his argument to the trial court. He did not do so and consequently did not preserve this issue for appeal.[3] Nor may we consider the issue as unassigned error in the

---

[2]*See* Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006).

[3]*See* Tex. R. App. P. 33.1(a); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).

interest of justice.[4]  We do note, however, that the maximum confinement for burglary of a habitation as alleged in the indictment is twenty years.[5]  The maximum confinement for aggravated robbery by threat of an elderly or disabled person as alleged in the remaining two indictments is life imprisonment.[6]  The sentences imposed are well within the range established by the legislature.

We overrule Appellant's sole issue in each of the three cases and affirm the trial court's judgments.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 12, 2014

---

[4]*See Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) ("[E]rrors that are subject to procedural default may not be remedied by the appellate court as unassigned error unless the error was in fact preserved in the trial court.").

[5]*See* Tex. Penal Code Ann. §§ 12.33(a), 30.02(a), (c)(2) (West 2011).

[6]*See id.* §§ 12.32, 29.03(a)(3), (b).