

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00365-CR

THEODORE CONNER HARGETT                                      APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
TRIAL COURT NO. 1248604

----------

## MEMORANDUM OPINION[1]

----------

Appellant Theodore Conner Hargett appeals from his conviction of driving while intoxicated. In a sole issue, he argues that his confrontation rights were

---

[1]*See* Tex. R. App. P. 47.4.

violated when the trial court accepted a written stipulation of evidence that referenced another named defendant. We affirm.[2]

Appellant was arrested and charged with driving while intoxicated (DWI) on May 22, 2011. Witnesses testified that Appellant had been seen drinking alcohol while driving on a public road in Arlington. After his arrest, Appellant refused to perform field-sobriety tests. In addition, Appellant declined to provide a breath or blood specimen. After obtaining a search warrant, the arresting officer transported Appellant to the hospital, where his blood was drawn. Subsequent testing of the blood showed that Appellant had a blood-alcohol concentration of 0.15. At trial, the State introduced a written stipulation of evidence—signed by Appellant, his counsel, and the State's attorney—which stipulated to the results of the blood test and waived the right to confront and cross-examine the witnesses related to the blood test. Just above the required signatures, the stipulation, in an apparent scrivener's error, referenced a different defendant— Santiago Sosa—regarding the Confrontation-Clause waiver. Appellant "ha[d] no objection" when the State sought to introduce the stipulation into evidence and

---

[2]This appeal was originally submitted without oral argument on July 30, 2013, before a panel consisting of Justice Gardner, Justice Walker, and Justice Meier. *See* Tex. R. App. P. 39.8; 2nd Tex. App. (Fort Worth) Loc. R. 3B(2). The court, on its own motion on June 10, 2014, ordered this appeal resubmitted without oral argument on July 1, 2014; assigned the appeal to a new panel, consisting of Justice Walker, Justice Meier, and Justice Gabriel; and assigned the undersigned to author the opinion.

did not complain when the State's attorney requested permission to publish the stipulation by reading it to the jury.

Consequently, a jury found Appellant guilty of DWI, and the trial court sentenced him to 120 days' confinement, probated for 24 months. Appellant filed a notice of appeal and now contends that the trial court erred by accepting the stipulation as a waiver of Appellant's Sixth Amendment confrontation rights because parts of it referenced Sosa.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1*); Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). When physical evidence is involved, an objection should be made before the evidence is admitted. *Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987); *see also Beltran v. State*, 728 S.W.2d 382, 387–88 (Tex. Crim. App. 1987) (treating objection as sufficient to preserve error when objection was late but made before exhibit was read or delivered to jury, and attorney explained reason for lateness). We may not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300.

Here, Appellant did not deny that he signed the stipulation and did not object to the State's introduction of the stipulation before it was admitted at trial and read aloud. Appellant cannot and does not argue that his claim under the Confrontation Clause was advanced at trial. Instead, Appellant focuses the bulk of his argument on appeal on whether the stipulated evidence would be considered the type of out-of-court statement by a witness that is testimonial and therefore barred under the Confrontation Clause of the Sixth Amendment as held in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004). This argument misses the mark.

Appellant seems to assert that confrontation rights are waivable-only rights and that the waiver in this case was defective. Even constitutional errors may be forfeited by a failure to object at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The right of confrontation is not a waivable-only right but is a forfeitable right that must be preserved by a timely and specific objection at trial. Tex. R. App. P 33.1(a)(1); *see Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd.). "This was clearly the case before *Crawford* . . . [a]nd this remains the case after *Crawford* . . . ." *Deener*, 214 S.W.3d at 527. Appellant's issue regarding any defect in the stipulation was forfeited.

Similarly, Appellant is estopped from challenging the content of the stipulation after he signed it. A stipulation is a judicial admission and once entered into, waives a defendant's right to contest the stipulated facts. *Bryant v.*

4

*State*, 187 S.W.3d 397, 400–02 (Tex. Crim. App. 2005). Therefore, we overrule Appellant's sole issue.

Having overruled Appellant's issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 24, 2014