

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-13-00258-CR**
**NO. 02-13-00259-CR**

MICHAEL JOHN COVARRUBIAS                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1226932D, 1226934D

----------

## MEMORANDUM OPINION[1]

----------

In one point, Appellant Michael John Covarrubias appeals the revocation of his deferred adjudication community supervision. We will affirm.

In June 2012, in exchange for five years' deferred adjudication community supervision and, among other conditions, the condition that he wear a GPS

---

[1]*See* Tex. R. App. P. 47.4.

monitoring device, Covarrubias pleaded guilty to burglary of a habitation and criminal trespass. In March 2013, the State filed a petition to proceed to adjudication, alleging that Covarrubias had violated a condition of his community supervision by failing to complete participation in a SWIFT court program (Supervision with Immediate Enforcement). Covarrubias pleaded not true to the State's allegation, but the trial court found it true,[2] adjudicated Covarrubias's guilt of the underlying offenses, and sentenced him to one year in county jail for the criminal trespass charge and fifteen years' confinement for the burglary charge. This appeal followed.

In his sole point, Covarrubias argues that the trial court erred by proceeding to an adjudication of guilt because the trial court failed to admonish him under code of criminal procedure article 42.12, section 5(a) after accepting his guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2014). Covarrubias acknowledges that he waived the presence of the court reporter at the original plea hearing, that prior to the plea hearing he signed

---

[2]The record indicates that the trial court amended the conditions of Covarrubias's community supervision at least five times, that at least two community supervision warrants were issued during his supervision period, and that Covarrubias admitted at the revocation hearing that he had purposely "cut off" his GPS monitoring device because he wanted to "divorce [himself] from the situation." Covarrubias testified at the revocation hearing that he knew that wearing the GPS device was a condition of the SWIFT program.

written waivers accepting that he had read the article 42.12 admonishments, and that he did not raise this alleged error in the trial court.[3]

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300. Thus, Covarrubias has preserved nothing for this court to review. *See Gottlich v. State*, No. 02-13-00309-CR, 2014 WL 1704159, at *1 (Tex. App.—Fort Worth Apr. 30, 2014, pet. ref'd) (concluding that appellant failed to preserve argument that trial court did not admonish him timely under 42.12 because he did not address issue in trial court) (mem. op., not designated for publication).

---

[3]Although there is no reporter's record of the plea hearing, our review of the clerk's record demonstrates that Covarrubias did not file a motion for new trial or a direct appeal in the original guilty-plea proceedings, nor did he object at the revocation hearing regarding the timeliness of the trial court's article 42.12 admonishments. *See Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001) (holding error in the original guilty-plea proceeding must be appealed when the conditions of deferred adjudication are originally imposed); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (same).

Further, despite Covarrubias's argument that he was harmed when he did not receive the warnings *after* entry of deferred adjudication community supervision—even though he received the same warnings in his written plea admonishments before pleading guilty in exchange for deferred adjudication community supervision—he has not shown, nor does he argue, that he would not have pleaded guilty if he had been admonished differently. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) ("The failure of a judge to inform a defendant of possible consequences under Subsection (b) of this section is not a ground for reversal unless the defendant shows that he was harmed by the failure of the judge to provide the information."); *Brown v. State*, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997) (stating that when a defendant complains about the trial court's failure to give certain information that is statutorily but not constitutionally required, he "should be required to show that he would not have entered his plea had he been given the required information"). Therefore, we overrule his sole point.

Having overruled Covarrubias's sole point on appeal, we affirm the trial court's judgments.

/s/ Bill Meier

BILL MEIER
JUSTICE

4

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 25, 2014