

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00603-CR
### NO. 02-13-00604-CR
### NO. 02-13-00605-CR

ANTONIO HALES, JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NOS. 1319929R, 1267508D, 1266108D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Antonio Hales, Jr. of attempted capital murder

and assessed his punishment at life in prison (in trial cause number 1319929R),

and the trial court adjudicated Hales guilty of possession of between five pounds

---

[1]See Tex. R. App. P. 47.4.

and four ounces of marijuana and possession of less than one gram of a controlled substance and sentenced him to two years' confinement in state jail for each offense (trial cause numbers 1267508D and 1266108D). In three points, Hales complains that numerous questions asked and arguments made by the State during trial caused reversible error. We will affirm.

Hales and Kyesha Holman dated for seven years. On August 17, 2012, Holman returned to her apartment after work and became upset with Hales, who was there, because the apartment was a mess. Hales asked Holman to accompany him to a friend's apartment, and the two went there in Hales's car. When they arrived at the complex, Holman told Hales to go inside and that she wanted to stay in the car. The two began to argue, and at some point, Hales grabbed a gas can from the back seat and doused Holman's clothes with gasoline. Holman exited the car and removed most of her clothes before getting back inside the car. At some point, Hales exited the car to look for his keys. Holman attempted to drive away, but Hales "caught the passenger door," choked Holman, returned to the driver's seat, and drove to the front of the apartment complex. Hales then struck a match and threw it at Holman's feet, where her gasoline-doused clothes were located. Holman heard a "whoosh sound," saw flames "everywhere," and stuck her hand through the flames to open the passenger door and exit the car. Holman ran inside an office and asked an employee for help. Police later located Hales, who had fled the scene after

2

failing to convince Holman to leave with him. Holman suffered burns to 47% of her body.

A grand jury indicted Hales for attempted capital murder, and the State filed petitions to adjudicate him guilty of the two drug offenses described above. This appeal followed his convictions for all three offenses.

Hales argues in his first point that the State violated his Fifth Amendment privilege against self-incrimination while examining an arson investigator,[2] that the State improperly exploited his silence and shifted the burden of proof to him

---

[2]The exchange occurred as follows:

Q: How many did you originally know that were transported to the Parkland burn unit voluntarily?

A: One.

Q: Did the other person stick around, to your knowledge, to share information with you?

A: No.

Q: Did you have the other individual there to treat to see if they needed lifesaving skills?

A: No.

Q: Did anybody come up to you that night and say this was just a horrific accident?

A: No.

3

during argument at punishment,[3] that the State violated his Sixth Amendment right to confront witnesses during argument at punishment,[4] and that the State improperly injected outside-the-record facts into the record during argument at punishment.[5]

---

[3]The prosecutor argued,

> See, the Defense put a case on at punishment. Did you hear them call any witnesses to revert or change any of the testimony that Ms. Holman brought out about the assaults and the years of domestic violence? Huh-uh. Didn't exist, because it's true. So you get to make the decision.

Hales also argues that "the prosecutor made repeated statements commenting upon [Hales's] failure to testify," but he does not direct us to any specific statements made by the State, and we decline to guess which statements he is referring to.

[4]The prosecutor argued,

> She'll make a full recovery. Yeah, they did tell her that in the hospital. They also don't have mirrors in the burn unit. There's no mirrors in those hospital rooms for a reason. And why do you tell somebody in intensive care they're going to make a full recovery? To keep their spirits high enough to get through it.

[5]The prosecutor argued,

> They brought you some people that would love and care for him and want to hang out with him, his sister. They can visit. There's visitation days in the penitentiary.
>
> . . . .
>
> . . . His family can visit him in jail. Don't make any mistakes about that. He'll get visitation. He can buy a TV. That's the life he'll have.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300.

Hales failed to preserve all of his arguments for appellate review because he did not assert any objection to the complained-of evidence and arguments. *See* Tex. R. App. P. 33.1(a)(1). We overrule his first point.

In his second point, as best we can tell, Hales argues that the trial court reversibly erred by overruling his objection to the State's closing argument that Hales had threatened Holman in the past. The prosecutor argued, "[Holman]'s a person, I think you've found now, that's lived in a relationship, based on the testimony, that has had some issues. He has made threats before. That's what came out on the stand." The trial court did not abuse its discretion by overruling

5

Hales's objection because, just as the prosecutor had alluded, Holman had testified earlier that Hales had threatened to kill her in the past. *See Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008) (stating that proper jury argument includes summarizing evidence). We overrule Hales's second point.

In his third point, Hales complains that the prosecutor improperly injected his opinion and inflammatorily compared Hales to perpetrators of high-profile, multi-murder cases during voir dire and argument at punishment.[6] As with the first point, Hales failed to preserve these arguments for appellate review because he did not assert any objection to the complained-of arguments or statements during trial. *See* Tex. R. App. P. 33.1(a)(1). We overrule his third point and affirm the trial court's judgments.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 6, 2014

---

[6]The prosecutor stated that the district attorney's office would have pursued the death penalty had Holman died and that he did not know if he would have been able to tolerate the injuries that Holman suffered, and the prosecutor mentioned the "Texas Seven" during voir dire and Major Hasan from the Fort Hood shootings during voir dire and during argument at the guilt phase.