

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00357-CR

**KENNETH SHEETS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. F49672**

## MEMORANDUM OPINION

In one issue, appellant, Kenneth Melvin Sheets, contends that his sentences are excessive and disproportionate punishment for the offenses for which he was convicted. We affirm.

### I.     BACKGROUND

In the indictment, the State alleged that Sheets committed one count of aggravated assault with a deadly weapon, one count of evading arrest with a motor vehicle, one

count of fraudulent use or possession of identifying information 10-50 items, and one count of theft of a motor vehicle. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011); *see also id*. §§ 31.03(e)(4)(A), 32.51(c)(3), 38.04(b)(2) (West Supp. 2015). The indictment also included an enhancement paragraph referencing Sheets's prior felony conviction for aggravated robbery with a deadly weapon.

As part of a plea agreement with the State, Sheets pleaded guilty to the charged offenses and true to the enhancement paragraph. At the conclusion of the punishment hearing, the trial court assessed punishment as follows: (1) life imprisonment in the Institutional Division of the Texas Department of Criminal Justice for the aggravated-assault-with-a-deadly-weapon and fraudulent-use-or-possession-of-identifying-information counts; (2) twenty years' confinement for the evading-arrest-with-a-vehicle count; and (3) 180 days in the State Jail Division of the Texas Department of Criminal Justice for the theft count. The trial court ordered the sentences to run concurrently and certified Sheets's right of appeal as to the punishment phase only. This appeal followed.

## II.    ANALYSIS

In his sole issue on appeal, Sheets contends that his sentences are disproportionate to the alleged criminal acts. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art. I, § 13.

A disproportionate-sentence claim must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including the right to be free from cruel and unusual

punishment, may be waived); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."). To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).

At the sentencing hearing, Sheets did not assert his disproportionate-sentence claim. Moreover, Sheets did not file a motion for new trial or otherwise present his objection to the imposed sentence. As such, Sheets has forfeited this complaint. *See* TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Noland*, 264 S.W.3d at 151-52; *see also Garcia v. State*, No. 10-12-00041-CR, 2014 Tex. App. LEXIS 3960,

at \*\*3-5 (Tex. App.—Waco Apr. 10, 2014, no pet.) (mem. op., not designated for publication).

And even if Sheets had preserved this complaint, it lacks merit. Sheets's life sentences fall within the statutory range for aggravated assault with a deadly weapon, a first-degree felony, and fraudulent use or possession of identifying information 10-50 items, a second-degree felony that was enhanced to a first-degree felony in this case. *See* TEX. PENAL CODE ANN. §§ 22.02(b), 32.51(c)(3); *see also id.* §§ 12.32 (West 2011) (providing that the punishment range for first-degree felonies is "imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years"), 12.42(b) (West Supp. 2015). Additionally, Sheets's twenty-year sentence for evading arrest with a vehicle with a deadly weapon is not excessive because the underlying offense is a third-degree felony that was enhanced to a second-degree felony. *See id.* §§ 12.33(a) (West 2011) ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment . . . for any term of not more than 20 years or less than 2 years."), 38.04(b)(2). And finally, Sheets's theft offense constituted a state-jail felony, which carried a jail sentence of 180 days to two years' incarceration in a state jail. *See id.* §§ 31.03(e)(4)(A). Clearly, Sheets's 180-day sentence fell within the prescribed punishment range. *See id.* § 12.35(a) (West Supp. 2015).

The trial court's decision to impose any punishment within the prescribed range is essentially "unfettered." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).

Punishment imposed within the statutory range is generally not subject to challenge for excessiveness. *See Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) ("Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment."). Therefore, based on the foregoing, we overrule Sheets's sole issue on appeal.

### III. CONCLUSION

We affirm the judgments of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed June 2, 2016
Do not publish
[CR25]

