

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00414-CR

**JACOB DALE DAVIDSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 413th District Court
Johnson County, Texas
Trial Court No. F45330**

## MEMORANDUM OPINION

In two issues, appellant, Jacob Dale Davidson, contends that his seven-year prison

sentence is excessive and disproportionate punishment for the offense for which he was

convicted—burglary of a habitation. We affirm.

### I. BACKGROUND

In January 2011, appellant was charged by indictment with two counts of burglary

of a habitation. As part of a plea bargain, appellant entered guilty pleas to the charged

offenses in exchange for the State's recommendation of a ten-year prison sentence to be probated for ten years, as well as other terms and conditions. Among the conditions were those for sex offenders, although appellant was not required to register as a sex offender. In any event, the trial court accepted appellant's guilty pleas, assessed punishment at ten-years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, probated the sentence for ten years, and imposed the terms and conditions recommended by the State.

Thereafter, on May 11, 2015, the State filed a motion to revoke appellant's community supervision, alleging numerous violations. Appellant pleaded "true" to several of the alleged violations. As a result, the trial court revoked appellant's community supervision and assessed punishment at seven years in the Institutional Division of the Texas Department of Criminal Justice as to one count of burglary of a habitation. Because the trial court declined to take action on the second burglary-of-a-habitation count, appellant remains on community supervision as to that count. The trial court subsequently certified appellant's right to appeal only the punishment phase on the motion to revoke. This appeal followed.

## II.    ANALYSIS

In his issues on appeal, appellant contends that the trial court erred in assessing his seven-year prison sentence because it is cruel, unusual, and excessive in violation of the Eighth Amendment and his right to due process. *See* U.S. CONST. amend. VIII.

A disproportionate-sentence claim must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."). To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).

At the sentencing hearing, appellant did not assert his disproportionate-sentence claims. Moreover, appellant did not file a motion for new trial or otherwise present his objections to the imposed sentence. As such, appellant has forfeited these complaints.

*See* TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Noland*, 264 S.W.3d at 151-52; *see also Garcia v. State*, No. 10-12-00041-CR, 2014 Tex. App. LEXIS 3960, at **3-5 (Tex. App.—Waco Apr. 10, 2014, no pet.) (mem. op., not designated for publication). We overrule appellant's issues on appeal.

### III.   CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 9, 2016
Do not publish
[CR25]

