

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00037-CR

EMEAL JONES,

                                                            **Appellant**

 v.

THE STATE OF TEXAS,

                                                            **Appellee**


**From the 40th District Court
Ellis County, Texas
Trial Court No. 42076-CR**


## MEMORANDUM OPINION


In two issues, appellant, Emeal Jones, asserts that his sentence is excessive and disproportionate and, thus, constitutes cruel and unusual punishment under the United States and Texas Constitutions. Because we overrule both of Jones's issues on appeal, we affirm.

# I.    BACKGROUND

Jones was charged by indictment with the felony offense of assault/family violence, a third-degree felony, with a previous conviction for assault/family violence. *See* TEX. PENAL CODE ANN. § 12.34 (West 2011); *see also id.* § 22.01(a)(1), (b)(2) (West Supp. 2018). Jones pleaded "not guilty" to the charged offense, and the matter proceeded to trial. At the conclusion of the trial, the jury found Jones guilty of the charged offense and assessed punishment at eight years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with a $10,000 fine. The trial court certified Jones's right of appeal, and this appeal followed.

# II.    ANALYSIS

In both of his issues on appeal, Jones contends that his eight-year sentence was excessive and disproportionate to the crime and inappropriate to the offender under the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art. I, § 13.

A disproportionate-sentence claim must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence

is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."). To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011).

At trial, Jones's defense counsel did not object to the imposed sentence. Moreover, Jones did not file a motion for new trial or otherwise present his objection to the imposed sentence in the trial court. As such, Jones has forfeited his complaints in these two issues. *See* TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see also Noland*, 264 S.W.3d at 151-52.

And even if Jones had preserved these complaints, they lack merit. Jones's eight-year sentence falls within the statutory range for his offense. *See* TEX. PENAL CODE ANN. §§ 12.34 (West 2011) (providing that the punishment range for a third-degree felony is "imprisonment . . . for any term not more than 10 years or less than 2 years"); *see also id.*

§ 22.01(a)(1), (b)(2) (providing that the offense of assault/family violence under subsection (a)(1) is a third-degree felony).  The trial court's discretion to impose any sentence within the prescribed range is essentially "unfettered."  *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).  Punishment imposed within the statutory range is generally not subject to a challenge for excessiveness.  *See Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.— Fort Worth 2005, no pet.) ("Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment.").  Further, nothing in the record shows that Jones's punishment, in light of his criminal history and the facts surrounding the charged offense, was grossly disproportionate to the crime so as to violate the Eighth Amendment of the United States Constitution or Article I, Section 13 of the Texas Constitution.  *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; *Solem v. Helm*, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 315-17 (5th Cir. 1992) (setting forth the analysis for proportionality of punishment); *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd).  Based on the foregoing, we overrule both of Jones's issues on appeal.

## III.    CONCLUSION

We affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed February 27, 2019
Do not publish
[CR25]

