

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00369-CR

JERRY MINOR                                                      APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
## TRIAL COURT NO. F-2012-1938-A

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jerry Minor appeals his sentence of eight years' confinement for obstruction or retaliation,[2] asserting three points of error: (1) the trial court abused its discretion by admitting and considering evidence of an extraneous offense, (2) the "amended indictment" was invalid because the "enhancement

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 36.06(a)(1)(B) (West 2011).

paragraph"[3] was not premised upon a prior conviction linked to him, and (3) his trial counsel provided ineffective assistance. We affirm.

## Background Facts

According to multiple people, appellant assaulted his daughter, Tammy,[4] in their home in April 2012. After the assault, Tammy fled to a nearby park and called the police. James Edland, then a police officer for the City of Oak Point, responded to the call, went to the park, and spoke to Tammy, who had red marks on her right cheek and her neck. Officer Edland then went to appellant's home.

When Officer Edland arrived there, he eventually found appellant hiding in a locked closet. Appellant was agitated and appeared to be highly intoxicated. Officer Edland arrested appellant for assault. After his arrest, appellant told Officer Edland that he would assault or even kill Tammy once he got out of jail.[5]

A grand jury indicted appellant for obstruction or retaliation. The State filed a notice of its intent to use a prior felony conviction, from 1991 in Kentucky, to enhance appellant's sentence.

---

[3]The record does not contain an amended indictment, and the indictment in the record does not have an enhancement paragraph. The State filed a separate document that contained an enhancement allegation.

[4]To protect the anonymity of the alleged victims of appellant's criminal activity, we will refer to them through pseudonyms. *See Daggett v. State*, 187 S.W.3d 444, 446 n.3 (Tex. Crim. App. 2005); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[5]While being transported to jail, appellant said that he had two .45-caliber pistols at home and that once he was released, he was going to make Tammy "eat those pistols."

Appellant waived his right to a jury, judicially confessed to committing retaliation, and entered an open guilty plea. A bench trial on punishment followed. Appellant pled true to the enhancement, increasing his punishment range from a third-degree felony to a second-degree felony.[6]

During the trial on punishment, the State presented evidence surrounding the present offense as well as appellant's prior crimes and convictions. One of the prior crimes included retaliation against his wife, Margaret.[7] Appellant presented testimony about his alcoholism being the trigger for his violent behavior. Margaret testified that when appellant was sober, he was a good husband, father, and friend, and that he was only violent when he was drinking.

After receiving a presentence investigation report and hearing the parties' closing arguments, the trial court sentenced appellant to eight years' confinement. This appeal followed.

### Consideration of Extraneous Offense Evidence

In appellant's first point, he contends that the trial court abused its discretion by taking into account evidence—photographs and a court reset

---

[6] *See* Tex. Penal Code Ann. §§ 12.42(a) (West Supp. 2013), 36.06(c). The trial court explained the punishment enhancement to appellant.

[7] In July 2010, appellant, while highly intoxicated, assaulted Margaret, burning her neck with a cigarette and shoving her. Oak Point Police Officer Gary McGraw arrested appellant. During transport to a jail, appellant stated that once he was released, he would assault his wife again, burn his house to the ground, and "earn [that] arrest for family violence."

form—related to an extraneous offense against Margaret. Appellant concedes that he did not object to the admission of this evidence.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd); *see Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant." (footnote omitted)). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300.

Admittedly, appellant did not object to the complained-of evidence when the State presented it. Because appellant did not object, he forfeited any error, and his appellate complaint cannot be considered. *See* Tex. R. App. P. 33.1(a); *Landers*, 402 S.W.3d at 254; *see also Walker v. State*, No. 02-09-00084-CR,

4

2010 WL 2132801, at *6 (Tex. App.—Fort Worth May 27, 2010, pet. ref'd) (mem. op., not designated for publication) ("Because Appellant did not object at trial to the admission of State's Exhibits 2 and 2-A, Appellant failed to preserve his complaint for appellate review."); *Kariuki v. State*, No. 02-08-00055-CR, 2008 WL 5265102, at *2 (Tex. App.—Fort Worth Dec. 18, 2008, no pet.) (mem. op., not designated for publication) (holding that error may not be predicated on the admission of evidence unless "a timely objection or motion to strike appears of record, stating the specific ground of objection").  We overrule appellant's first point.

### Enhancement Allegation and Prior Convictions

In his second point, appellant contends that the enhancement of his sentencing range is invalid because there was no evidence, such as his fingerprints or eyewitness testimony, linking him to the Kentucky conviction for wanton endangerment.[8]  But appellant's plea of true is clearly reflected in the record; therefore, the State satisfied its burden of proof for the enhancement. *See Wilson v. State*, 671 S.W.2d 524, 525–26 (Tex. Crim. App. 1984); *Lugo v. State*, 299 S.W.3d 445, 455 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also*

---

[8]We do not construe appellant's brief as arguing that the Kentucky conviction should not have been classified as a felony under Texas law.  *See* Tex. Penal Code Ann. § 12.41(1) (West 2011) (stating that a conviction obtained from an out-of-state prosecution shall be classified as a third-degree felony under Texas law if imprisonment in a penitentiary was affixed to the offense as a possible punishment).  The evidence shows that in Kentucky in 1991, appellant was charged by indictment for wanton endangerment, was convicted, and was sentenced to four years' confinement "IN THE PEN."

*Perryman v. State*, No. 08-10-00193-CR, 2011 WL 3849468, at *3 (Tex. App.—El Paso Aug. 31, 2011, pet. ref'd) (not designated for publication) (stating that an appellant had not established that the State had insufficient proof of a prior conviction for enhancement because "the judgment reflected that [appellant] pled true"). Moreover, appellant stipulated on the record that the Kentucky judgment was connected to him. Therefore, we hold that the enhancement allegation was valid and that the State sufficiently proved the prior felony conviction.

Appellant also appears to contend that evidence concerning the Kentucky conviction and other prior convictions was inadmissible. But similar to the evidence concerning his extraneous offense against Margaret, appellant failed to object to the evidence of his former convictions. Thus, he forfeited any complaint about the evidence's admission. *See* Tex. R. App. P. 33.1(a); *Landers*, 402 S.W.3d at 254; *see also Walker*, 2010 WL 2132801, at *6.

We overrule appellant's second point.

### Alleged Ineffective Assistance of Counsel

In his third point, appellant contends that his trial counsel provided ineffective assistance by stipulating to prior convictions. To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346,

6

352 (Tex. Crim. App. 2009); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). In other words, for a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). An ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id.* (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813. This statement is true with regard to the deficient-performance prong of the inquiry when

7

counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Thompson*, 9 S.W.3d at 813. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas*, 163 S.W.3d at 740 (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593 (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

The prejudice prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair and reliable trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068.

Appellant claims that trial counsel's stipulation to the connection of the Kentucky convictions to appellant was ineffective. But an isolated failure to object to evidence, even if inadmissible, is not generally enough to constitute ineffective assistance of counsel. *See Burdick v. State*, No. 02-11-00171-CR, 2012 WL 4010415, at *5 (Tex. App.—Fort Worth Sept. 13, 2012, no pet.) (mem. op., not designated for publication) (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)). Also, nothing in the record explicitly explains the reasoning behind counsel's decision to stipulate to appellant's link to the convictions. Because the record is silent and counsel's isolated decision to not object was not "outrageous," appellant has failed to prove that his counsel was ineffective. *See Menefield*, 363 S.W.3d at 593.

Furthermore, from how trial counsel questioned the witnesses, we may reasonably infer that appellant's strategy was to accept responsibility and to focus on his alcoholism and the fact that he wanted to seek treatment. Appellant called a licensed chemical dependency counselor, who testified that appellant's criminal history began in 1967, that he is an alcoholic, that he had come from a family background of alcoholics, that he needed intervention, that he "seemed quite ashamed" and remorseful, and that he had cried while meeting with her. Appellant cross-examined Officer Edland about appellant's state of intoxication upon his arrest for assaulting Tammy. He also elicited testimony from Margaret that his problems stemmed from using alcohol, that he was remorseful, and that he wanted to get help for his alcoholism. From appellant's counsel's questions,

9

appellant appeared to be seeking placement on community supervision. During his closing argument, appellant asked for "mercy" while highlighting his pleas of guilty and true.

Counsel could have rationally concluded that stipulating to prior convictions supported the notion that appellant accepted responsibility and wanted to change. This type of defense strategy was reasonable under the circumstances; we cannot classify it as deficient. *See Ex parte Davis*, 866 S.W.2d 234, 242 (Tex. Crim. App. 1993) (holding that counsel's decision to not produce evidence was not ineffective because the decision was consistent with a strategy for the defendant to accept responsibility); *Keller v. State*, 125 S.W.3d 600, 609 (Tex. App.—Houston [1st Dist.] 2003) (holding similarly), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004), *cert. denied*, 544 U.S. 906 (2005).

Finally, even if counsel's performance had been deficient, the result of the trial would not likely have been different. The trial court sentenced appellant to eight years' confinement. Obstruction or retaliation, without an enhancement and under the circumstances of this case, is a third-degree felony that is punishable by up to ten years' confinement. Tex. Penal Code Ann. § 36.06(c); *see id.* § 12.34(a) (West 2011). While the trial court enhanced appellant's punishment range to a second-degree felony, which is punishable by up to twenty years in prison, appellant nonetheless received below the maximum sentence for a third-degree felony, the unenhanced punishment for obstruction or retaliation. *See id.*

§ 12.33(a) (West 2011). Therefore, we cannot conclude that the stipulation to the Kentucky convictions and accompanying enhancement of punishment prejudiced appellant.

For these reasons, we hold that appellant has not established that his trial counsel was ineffective. We overrule his third point.

## Conclusion

Having overruled appellant's three points, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 31, 2014