PD-0480-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/26/2015 2:23:33 PM
Accepted 8/26/2015 2:37:22 PM
ABEL ACOSTA
CLERK

## No. PD-0480-15

In the
Court of Criminal Appeals

————————◆————————

No. 01-13-00441-CR
In the Court of Appeals for the
Fourteenth District of Texas at Houston

————————◆————————

No. 1367861
In the 260th District Court of
Harris County, Texas

————————◆————————

# JOSHUA LONDON

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

————————◆————————

## STATE'S BRIEF ON DISCRETIONARY REVIEW

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
TBC No. 796910
kugler_eric@dao.hctx.net

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713-755-5826
FAX: 713-755-5809

*Counsel for Appellee*

ORAL ARGUMENT PERMITTED

## STATEMENT REGARDING ORAL ARGUMENT

This Court has permitted oral argument in this case.

## IDENTIFICATION OF THE PARTIES

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Eric Kugler** — Assistant District Attorney on appeal

**Chris Morton** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Joshua London**

Counsel for Appellant:

**Jani Wood** — Assistant Public Defender on appeal

**Charles Brown** — Counsel at trial

Trial Judge:

**Hon. Jim Anderson** — Presiding Judge (visiting)

**Hon. Brad Hart** — Presiding Judge (elected)

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.................................................1

IDENTIFICATION OF THE PARTIES ......................................................1

INDEX OF AUTHORITIES...............................................................3

STATEMENT OF THE CASE..............................................................5

ISSUE PRESENTED ...................................................................5

    The Court of Appeals determined that the constitutional challenge to the
Sheriff's fees could not be raised for the first time on appeal. The basis for the
challenge was not available to Mr. London until 19 days after the judgment was
signed. Did the Court of Appeals err in refusing to consider a challenge that was
only available post-trial, in derogation of Landers v. State?..................5

SUMMARY OF THE ARGUMENT ...........................................................5

ARGUMENT ..........................................................................6

    The appellant did not preserve the issue he raised on appeal because he failed to
object in the trial court on the same basis and failed to develop a record on how
the court costs were applied to him.............................................6

PRAYER ...........................................................................13

CERTIFICATE OF SERVICE AND COMPLIANCE.............................................14

# INDEX OF AUTHORITIES

**CASES**

*Brady v. Fourteenth Court of Appeals*,
  795 S.W.2d 712 (Tex. 1990)..............................................................11

*Cardenas v. State*,
  423 S.W.3d 396 (Tex. Crim. App. 2014)............................................8

*Carrollton-Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist.*,
  826 S.W.2d 489 (Tex. 1992)..............................................................11

*Clark v. State*,
  305 S.W.3d 351 (Tex. App.—
  Houston [14th Dist.] 2010)..................................................................7

*Curry v. State*,
  910 S.W.2d 490 (Tex. Crim. App. 1995).........................................7, 8

*Johnson v. State*,
  14-14-00475-CR (Tex. App.
   – Houston [14th Dist.] Aug. 25, 2015, no pet. h.)...............................9

*Johnson v. State*,
  423 S.W.3d 385 (Tex. Crim. App. 2014)............................................8

*Landers v. State*,
  10-11-00408-CR, 2012 WL 3799212 (Tex. App.—
  Waco Aug. 30, 2012).........................................................................9

*Landers v. State*,
  402 S.W.3d 252 (Tex. Crim. App. 2013)...................................9, 11, 12

*London v. State*,
  01-13-00441-CR, 2015 WL 1778583 (Tex. App.—
  Houston [1st Dist.] Apr. 16, 2015, pet. granted) ................................5

*Mayer v. State*,
  309 S.W.3d 552 (Tex. Crim. App. 2010)...........................................10

*Moff v. State*,
131 S.W.3d 485 (Tex. Crim. App. 2004)................................................................8

*Rylander v. Caldwell*,
23 S.W.3d 132 (Tex. App.—
Austin 2000, no pet.) .............................................................................................11

*State v. Rosseau*,
398 S.W.3d 769 (Tex. App.—
San Antonio 2011), *aff'd*,
396 S.W.3d 550 (Tex. Crim. App. 2013)..............................................................11

*Sturdivant v. State*,
445 S.W.3d 435 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) ...................10

**STATUTES**

TEX. CODE CRIM. PROC. art. 102.011(a)(3) (West 2010) ........................................7

TEX. CODE CRIM. PROC. art. 102.011(b) (West 2010) ............................................8

TEX. CODE CRIM. PROC. art. 103.008 (West 2010) ................................................12

**RULES**

TEX. R. APP. P. 33.1(a)...............................................................................................6

TEX. R. APP. P. 33.1(a)(1)(A) ....................................................................................7

TEX. R. APP. P. 44.2(a) .............................................................................................12

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

## STATEMENT OF THE CASE

The appellant was charged with possession of cocaine (CR – 14). He pled "guilty" to the charge, and the court sentenced him to 25 years in prison (CR – 77). The court of appeals affirmed the conviction. *London v. State*, 01-13-00441-CR, 2015 WL 1778583 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, pet. granted). But this Court granted review.

## ISSUE PRESENTED

**The Court of Appeals determined that the constitutional challenge to the Sheriff's fees could not be raised for the first time on appeal. The basis for the challenge was not available to Mr. London until 19 days after the judgment was signed. Did the Court of Appeals err in refusing to consider a challenge that was only available post-trial, in derogation of Landers v. State?**

## SUMMARY OF THE ARGUMENT

The appellant challenged on appeal the constitutionality of the court cost statutes as applied to him. But he failed to object in the trial court, to file a formal bill of exception, or to otherwise take any steps to develop the record on how the court cost statutes were actually applied to him. Therefore, he failed to preserve the constitutional as-applied claim for appellate review, and the court of appeals properly dismissed that claim on that basis.

# ARGUMENT

The appellant claims that the assessment of court costs for summoning witnesses is unconstitutional as applied to him. (App'nt PDR Brf. 7). Specifically, he complains that the assessment violated his rights to confrontation and compulsory process. This argument lacks merit because he failed to object to that specific court cost at trial, did not develop a record on how the court costs were applied to him, and did not preserve the constitutional issues for appellate review.

A notation on the appellant's written judgment states "Court Costs," and the sum of "$294.00" is typed below that heading (CR – 35). That "$294.00" figure was then crossed out, and the number "329" was written in its place along with someone's apparent initials (CR – 77). On the second page of the judgment, the "Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above." (CR – 78) (emphasis in original). Finally, the district clerk prepared and filed a bill of costs that breaks down the $329 in assessed court costs, including $35 for "Summoning Witness/Mileage." (CR – 80).

**The appellant did not preserve the issue he raised on appeal because he failed to object in the trial court on the same basis and failed to develop a record on how the court costs were applied to him.**

The Texas Rules of Appellate Procedure require a party to preserve error for appellate review by demonstrating the error on the record. TEX. R. APP. P. 33.1(a);

6

*Clark v. State*, 305 S.W.3d 351, 354 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, 365 S.W.3d 333 (Tex. Crim. App. 2012). The party must make the complaint in a timely manner and state the grounds for the ruling that the complaining party seeks from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A).

In raising the complaint on appeal, the party must ensure the point of error is the same as the complaint or objection made during trial. *Clark*, 305 S.W.3d at 354. Even constitutional errors can be waived if a party fails to properly object to the errors at trial. *Id*. at 355. A challenge to the constitutionality of a statute as applied to a defendant may not be raised for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995). Therefore, if a party's objection at trial does not correspond with its issue on appeal, the party has waived that issue. *Clark*, 305 S.W.3d at 354.

In the present case, the appellant claimed on appeal that Article 102.011(a)(3) of the Texas Code of Criminal Procedure was unconstitutional as applied to him. (App'nt Brf. 8). Article 102.011(a)(3) provides that a "defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer…$5 for summoning a witness." TEX. CODE CRIM. PROC. art. 102.011(a)(3) (West 2010). Article 102.011(b) further

7

provides that a defendant is also required to pay "29 cents per mile for mileage required of an officer to perform a service listed in this subsection and to return from performing that service," and "all necessary and reasonable expenses for meals and lodging incurred by the officer in the performance of services under this subsection." TEX. CODE CRIM. PROC. art. 102.011(b) (West 2010). There was no indication in the bill of costs how much of the $35 "Summoning Witness/Mileage" fee was for summoning witnesses and how much was for mileage and expenses. Nevertheless, there is no evidence that the appellant ever objected to the assessment of such court costs on any basis. Therefore, his constitutional claims were not preserved for appellate review, and the court of appeals properly dismissed his claim.

The appellant cites *Cardenas v. State*, 423 S.W.3d 396, 398–99 (Tex. Crim. App. 2014), and *Johnson v. State*, 423 S.W.3d 385, 391–92 (Tex. Crim. App. 2014), in support of his argument that an objection was not required. (App'nt PDR Brf. 9). But those cases dealt with the sufficiency of the evidence to support court costs, not the constitutionality of the court-cost statutes themselves. It is well-settled that no trial objection is required to challenge the sufficiency of the evidence on appeal. *See Moff v. State*, 131 S.W.3d 485, 488–89 (Tex. Crim. App. 2004). But it is equally well-settled that a trial objection is required to challenge the constitutionality of a statute as applied to a particular litigant. *See Curry*, 910

8

S.W.2d at 496; *see also Johnson v. State*, 14-14-00475-CR, slip. op. at 6 (Tex. App. – Houston [14th Dist.] Aug. 25, 2015, no pet. h.) ("Because neither *Johnson* nor *Cardenas* provides appellant with an exception to the requirement that he preserve his facial constitutional challenge in the trial court, we conclude that appellant failed to preserve error for appellate review."). Therefore, a trial objection was required in the present case, and the appellant waived his complaint on appeal by failing to make such a trial objection.

The appellant also cites *Landers v. State*, 402 S.W.3d 252 (Tex. Crim. App. 2013), in support of his argument. (App'nt PDR Brf. 10). In *Landers*, court costs and included fees of $3,718.50 for an attorney pro tem and $440.00 for investigative costs of the prosecutor were assessed against Landers without notice. On appeal, the appellant challenged the statutory authority and sufficiency of the evidence to sustain the assessment. *Landers v. State*, 10-11-00408-CR, 2012 WL 3799212, at *3 (Tex. App.—Waco Aug. 30, 2012). This Court held that Landers was not required to file a motion for new trial to challenge the assessment of such costs on appeal because his "complaint was one of law and not facts." *Landers*, 402 S.W.3d at 255. As in all sufficiency challenges, there could be no further factual development of the record because sufficiency challenges are based on the existing record.

In the present case and unlike *Landers*, whether the appellant's rights to confrontation and compulsory process were violated required further factual development. Specifically, as highlighted by the appellant, additional fact-finding was required on "whether this fee is for the State's subpoenas or the defense subpoenas." (App'nt Brf. 8). Additional fact-finding was also required on whether the appellant truly "cannot bear the costs associated with the defense of his constitutional rights," as he claimed. (App'nt Brf. 10). Thus, because additional fact-finding was required in order to support the appellant's as-applied constitutional challenge to the statutory court costs, the appellant should have filed a motion for new trial, or, in the alternative, a formal bill of exception. *See id.*, 402 S.W.3d at 256 (Keller, P.J., concurring). It simply defies logic to allow an as-applied challenge to proceed without an opportunity to develop the record on how the statute was applied to the facts of the particular case.

The appellant cites *Sturdivant v. State*, 445 S.W.3d 435 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd), in support of his claim that a formal bill of exception was not required to develop the record. But like Landers, Sturdivant was challenging the sufficiency of the evidence to support the assessed fees under *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010), rather than the constitutionality of the court cost statute as applied to him. Thus, there could be no further factual development of the record. As-applied constitutional challenges, on

the other hand, require a factual development. *See State v. Rosseau*, 398 S.W.3d 769, 774 (Tex. App.—San Antonio 2011), *aff'd*, 396 S.W.3d 550 (Tex. Crim. App. 2013) ("Rosseau's motion to quash only raised an 'as-applied' challenge to the constitutionality of section 22.011(f), which could not be determined pre-trial because it depends on the facts developed at trial."); *see also Carrollton-Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist.*, 826 S.W.2d 489, 551 (Tex. 1992) ("determination of whether statute as applied violates Constitution 'requires a fully-developed factual record.'") (citing *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712 (Tex. 1990)). Because the appellant's claim required full factual development, he should have filed a formal bill of exception to develop the record. His failure to do so waived the issue for appellate review. *See Landers*, 402 S.W.3d at 255 ("A motion for new trial is required to preserve error only when it is necessary to adduce facts not in the record.").

Finally, the appellant cites a civil case, *Rylander v. Caldwell*, 23 S.W.3d 132 (Tex. App.—Austin 2000, no pet.), in support of his claim that he could not have challenged the constitutionality of Article 102.011(a)(3) under the procedure established by Article 103.008. (App'nt PDR Brf. 11). Article 103.008 provides: "On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs." TEX. CODE

CRIM. PROC. art. 103.008 (West 2010). The *Rylander* court held that "seeking a declaration that the statute imposing the costs is unconstitutional" did not constitute "error" under Article 103.008. *Rylander*, 23 S.W.3d at 137. But the term "error" has traditionally included both constitutional and non-constitutional errors. TEX. R. APP. P. 44.2(a). And if a court cost should not have been assessed because it was unconstitutional, then surely there would be an error in the assessed costs, which could be challenged and corrected under Article 103.008. Thus, *Rylander* is incorrect and should be repudiated by this Court. Nevertheless, *Rylander* is ultimately irrelevant to this case because the appellant was required to develop the record in order to support his as-applied challenge to the statute and to preserve the issue for appellate review. *Landers*, 402 S.W.3d at 255. The appellant failed to develop such a record. Therefore, his claim was not preserved for appellate review, and the court of appeals properly rejected it.

## **PRAYER**

It is respectfully submitted that the court of appeals properly affirmed the judgment in this case. Therefore, this Court should affirm the ruling of the lower court of appeals for the reasons stated.

DEVON ANDERSON
District Attorney
Harris County, Texas

/s/ Eric Kugler
ERIC KUGLER
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
kugler_eric@dao.hctx.net
TBC No. 796910

13

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 2,611 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Jani Wood
Assistant Public Defender
Harris County, Texas
1201 Franklin, 13th Floor
Houston, Texas 77002
Jani.Maselli@pdo.hctx.net

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711
Lisa.McMinn@SPA.texas.gov

/s/ Eric Kugler
**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 796910

Date: August 26, 2015