

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00129-CR

**JAMES HUEY HOGAN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. 18-25086**

## MEMORANDUM OPINION

In one issue, appellant, James Huey Hogan Jr., argues that articles 42.0199 and 42A.559(g) violate the non-delegation doctrine and, therefore, are unconstitutional. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.0199, 42A.559(g) (West 2018). We affirm.

### I. BACKGROUND

In a one-count indictment, appellant was charged with intentionally or knowingly possessing a controlled substance in penalty group one less than one gram. *See* TEX.

HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).  After a trial to the jury, appellant was found guilty, and the jury assessed punishment at two years' incarceration in the State Jail Division of the Texas Department of Criminal Justice.  The trial court certified appellant's right to appeal, and this appeal followed.

## II.    DILIGENT PARTICIPATION CREDITS

In his sole issue on appeal, appellant contends that articles 42.0119 and 42A.599(g) violate the Texas Constitution's prohibition against non-delegation between the branches of government.[1]    Specifically, appellant asserts that the aforementioned statutory provisions give "the judiciary a voice in the determination whether a criminal defendant is 'presumptively entitled' to diligent participation credits at the time of sentencing, and potentially later if ever to be granted these 'credits' while serving a sentence in a state jail facility."  In essence, appellant argues that an award of diligent participation credits is a form of commutation of a defendant's sentence, and clemency powers have historically been exercised by the executive branch of government, not the judiciary.  Appellant raises facial constitutionality challenges to the aforementioned statutory provisions.

---

[1] Article 42.0199 of the Code of Criminal Procedure provides that:  "If a person is convicted of a state jail felony, the judge shall make a finding and enter the finding in the judgment of the case regarding whether the person is presumptively entitled to diligent participation credit in accordance with Article 42A.559."  TEX. CODE CRIM. PROC. ANN. art. 42.0199 (West 2018).  Article 42A.559(b) states that a defendant confined in a state-jail-felony facility does not earn good conduct time for time served in the facility; rather, under article 42A.559(g), a judge may, based on a report submitted by the Texas Department of Criminal Justice, "credit against any time a defendant is required to serve in a state jail felony facility additional time for each day the defendant actually served in the facility while diligently participating in an educational, vocational, treatment, or work program."  *See id.* art. 42A.559(b), (g) (West 2018).

Constitutional challenges to a statute are generally forfeited by a failure to object at trial. *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); *see also Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). A defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

In the trial court, appellant made no objection to the constitutionality of articles 42.0119 and 42A.599(g). However, relying on the Court of Criminal Appeals's decision in *Landers v. State*, appellant complains that he had no opportunity to object to the finding regarding diligent participation credits because the finding was not imposed in open court. *See* 402 S.W.3d 252, 255 (Tex. Crim. App. 2013).[2] We disagree.

Following the jury's verdict on punishment, the trial court informed appellant that he would be sentenced in accordance with that verdict. The trial court then asked appellant if he had any legal reason why the trial court should not sentence him in accordance with the jury's verdict. Appellant responded that he did not. At this point, the trial court noted that the court clerk needed assistance with the judgment. After a brief pause off the record, the trial court stated the following:

THE COURT: Back on the record. Court just addressed some questions the court clerk had in preparing the

---

[2] In *Landers v. State*, the Court of Criminal Appeals held that "appellant may not be faulted for failing to object [to the imposition of court costs] when she was not given the opportunity. Since the fees were not imposed in open court and she was not required to file a motion for new trial, she has not forfeited the complaint on appeal." 402 S.W.3d 252, 255 (Tex. Crim. App. 2013).

> judgment, which I believe is going to be prepared in just a moment.

The trial judge proceeded to discuss appellant's right of appeal and appointment of counsel on appeal.

At the conclusion of the proceedings, the trial judge noted:

THE COURT: All right. And I believe we have the judgment prepared as well. Judgment is—have the credit on the state jail. This concludes this matter for purposes of the record other than entering the judgment. We're off the record.

The first page of the judgment, entered on March 26, 2019, included a statement as follows: "(For state jail felony offenses only) Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.?" Following this question was the designation, "N/A." The second page of the March 26, 2019 judgment further indicated that "DEFENDANT DOES NOT QUALIFY FOR DELIGIENT [sic] PARTISIPATION [sic]." Appellant's fingerprint appears on the judgment. Thereafter, the trial court entered two nunc pro tunc judgments correcting and clarifying, but not substantively changing, the diligent-participation finding.

Unlike *Landers*, this is not the case where costs or some other form of punishment were imposed days after the judgment was signed so that appellant did not have an opportunity to object. *See* 402 S.W.3d at 255. As shown above, the March 26, 2019 judgment, including the finding regarding diligent participation credits, was drafted in

appellant's presence. This is demonstrated by the trial court's statement, at the punishment hearing, that appellant was getting "credit on the state jail" and the fact that appellant's fingerprint was on the March 26, 2019 judgment. Appellant's fingerprint on the judgment is particularly noteworthy because it demonstrates that the March 26, 2019 judgment, which first addressed diligent participation credits, was completed in open court, not days later. Therefore, contrary to his assertions, appellant had an opportunity to lodge an objection to the finding on diligent participation credits, yet did not do so. *See London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016) ("A party satisfies the requirement of a timely trial-level complaint 'if the party makes the complaint as soon as the grounds for it become apparent[.]'" (quoting *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006))).

And even if it could be said that appellant did not have the opportunity to raise this challenge in open court, the record reflects that appellant did not file a motion for new trial in this case. *See Burt v. State*, 396 S.W.3d 574, 577-78 & n.4 (Tex. Crim. App. 2013) ("This Court has held that an appellant may raise a sentencing issue in a motion for new trial for the first time only if the appellant did not have the opportunity to object in the punishment hearing."). Because appellant did not raise his constitutional challenges to articles 42.0199 and 42A.559(g) in the trial court when he had an opportunity to do so, we cannot say that he preserved this issue for appellate review. *See Karenev*, 281 S.W.3d

at 434; *Mendez*, 138 S.W.3d at 342; *Curry*, 910 S.W.2d at 496 & n.2.  Accordingly, we overrule his sole issue on appeal.

<h3 style="text-align:center">III.    CONCLUSION</h3>

We affirm the judgment of the trial court.


          JOHN E. NEILL
          Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed February 26, 2020
Do not publish
[CR25]

