

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00028-CR
No. 07-24-00029-CR

BRANDEN ANTONYO CONWAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas[1]
Trial Court Nos. 1720776 & 1732727, Honorable David Hagerman, Presiding

August 7, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pursuant to pleas of guilty, Appellant, Branden Antonyo Conway, was granted deferred adjudication community supervision for four years for the offenses of assault family violence and aggravated assault with an affirmative finding on use of a deadly

---

[1] The Texas Supreme Court transferred these appeals from the Second Court of Appeals. Thus, we are bound by the latter's precedent should it conflict with ours. TEX. R. APP. P. 41.3.

weapon.[2]  The State filed its fifth amended petition to proceed to adjudication alleging the following violations in both cases:

1. Possession of a controlled substance;

2. Failure to identify as a fugitive during a traffic stop;

3. Possession of a firearm on (a) October 5 and (b) October 10;

4. Testing positive for marihuana use on (a) November 8, 2023, (b) March 24, 2023, and (c) August 21, 2023;

5. Admitting to marihuana use on (a) October 31, 2022 and (b) March 8, 2023; and

6. Failing to report for the months of April, May, June, and July 2023.

Appellant entered pleas of not true to paragraphs 2, 3(b), 4, 5, and 6 and the State waived paragraphs 1 and 3(a).

The trial court held a hearing on Appellant's motion to suppress the traffic stop and the State's motion to adjudicate.  After presentation of the evidence, the trial court denied the motion to suppress and found allegations 2, 4(a), 4(c), 5(a), 5(b), and 6 to be true, adjudicated Appellant guilty of the original offenses, and assessed sentences of eight years for assault family violence and twelve years for aggravated assault with a deadly weapon.  The sentences were ordered to be served concurrently.

Appellant challenges his adjudications of guilt and sentences by two issues: (1) the trial court erred in denying his motion to suppress the traffic stop which resulted in the allegation that he failed to identify himself as a fugitive and (2) the sentences imposed

---

[2] TEX. PENAL CODE ANN. §§ 22.01(b)(2)(B), 22.02(a)(2).

constitute cruel and unusual punishment and are grossly disproportionate to the violations found by the trial court.  We affirm.

## BACKGROUND

Appellant was charged with assault family violence for impeding the normal breathing or circulation of the blood of the victim with whom he was in a dating relationship and for threatening imminent bodily injury against the victim with a firearm.  He was granted deferred adjudication community supervision in July 2022.  Less than a year and a half later, the State moved to adjudicate guilt in both cases.

## STANDARD OF REVIEW

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing.  *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b).  When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke.  *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of [his community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)).  The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of

3

proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The finding of a single violation of community supervision is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

**ISSUE ONE—DENIAL OF MOTION TO SUPPRESS**

During the hearing on the State's adjudication motion, Appellant moved to suppress the traffic stop which resulted in the allegation that he failed to identify as a fugitive. The trial court denied the motion which Appellant maintains was erroneous. He contends that but for the traffic stop, he would not have been accused of failing to identify as a fugitive. Assuming without deciding that the trial court's ruling on the motion to suppress was erroneous, the trial court had other allegations to rely on to support revocation.

The State presented evidence from two community supervision officers who testified Appellant admitted to marihuana use three to four times one day and acknowledged doing so in a signed admission form which was admitted into evidence. A urinalysis confirmed Appellant tested positive for marihuana. One of the officers testified Appellant failed to report as required from April through July 2023.[3] Because evidence of one violation is sufficient, we find no abuse of discretion in the trial court adjudicating Appellant guilty of the original offenses. Issue one is overruled.

---

[3] Appellant's grandmother disputed that Appellant failed to report because she testified that she drove him to his meetings and waited outside for him.

4

**ISSUE TWO—CRUEL AND UNUSUAL PUNISHMENT**

Appellant alleges his sentences of eight and twelve years are grossly disproportionate to the technical violations of the terms of his community supervision and therefore constitute cruel and unusual punishment.[4] We disagree.

Appellant did not preserve his complaint for appellate review. To avoid procedural default on a punishment issue, a defendant must complain of the sentence by objection during trial, or if there is no opportunity to object, then in a motion for new trial. TEX. R. APP. P. 33.1(a); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013) (citing *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999)). Preservation requirements also apply to an allegation of cruel and unusual punishment. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995).

In the underlying case, after the trial court pronounced sentences of eight and twelve years, it asked, "[i]s there any reason why the sentence should not be imposed at this time?" Defense counsel answered, "[n]o, your Honor." Appellant had the opportunity to complain about his sentences and did not object nor did he file a motion for new trial alleging cruel and unusual punishment. Thus, his punishment issue is waived. Issue two is overruled.

---

[4] Appellant asserts the sentences for technical violations of community supervision are three times more than what he could have received. As the State notes, his argument is misplaced. The sentences imposed were for the gravity of the original offenses—choking the victim and pointing a firearm at her—and not for the violations of the terms of community supervision. *See Ceniceros v. State*, No. 07-21-00126-CR, 2022 Tex. App. LEXIS 1124, at *6–8 (Tex. App.—Amarillo Feb. 16, 2022, pet. ref'd) (mem. op., not designated for publication). *See also Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi 1998, no pet.).

## CONCLUSION

The trial court's judgments are affirmed.

Alex Yarbrough
Justice

Do not publish.